PEOPLE v JACK CRAWFORD

1. CRIMINAL LAW—SENTENCING—COURT RULES—DEFENDANTS—AD-
    DRESSING COURT—PRESENTENCING REPORT—CONTROVERTING
    FACTS.

    The court rules require a trial judge to give a defendant and his
    lawyer a reasonable opportunity to advise the court of any
    circumstances they believe the court should consider in impos-
    ing sentence and that both parties shall be given an opportu-
    nity at the time of sentencing to respond to the presentence
    report and to explain or controvert any factual representations
    disclosed; where these requirements are not met resentencing is
    required (GCR 1963, 785.8(2), 785.12).

2. SEARCHES AND SEIZURES—CONVERSATIONS—WIRETAPPING—WAR-
    RANT REQUIREMENT—CASE PRECEDENT—PROBATIVE EFFECT.

    Introduction into evidence of tape recordings made by police is
    not proscribed where the conversations were all recorded prior
    to a Supreme Court decision requiring prior procurement of a
    search warrant for the making of such recordings.

Appeal from Recorder's Court of Detroit, James Del Rio, J. Submitted January 8, 1976, at Detroit. (Docket No. 21738.) Decided January 26, 1976.

Jack W. Crawford was convicted of delivery of heroin. Defendant appeals. Affirmed but remanded for resentencing.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 303.
[2] 68 Am Jur 2d, Searches and Seizures § 36.

*Robert W. Horn,* Assistant Prosecuting Attorney, for the people.

*Theodore B. Sallen (Alvin C. Sallen,* of counsel), for defendant.

Before: J. H. GILLIS, P. J., and QUINN and R. E. NOBLE,* JJ.

QUINN, J. Defendant's nonjury trial resulted in his conviction for delivery of heroin, MCLA 335.341(1)(a); MSA 18.1070(41)(1)(a). The trial judge was ill at time of sentencing, and defendant was sentenced by a substitute judge.

On this appeal, defendant attacks the sentencing procedure and also asserts reversible error in the admission of certain testimony obtained by monitoring.

GCR 1963, 531 authorizes the substitution of judges as occurred in this case, but GCR 1963, 785.8(2) requires the judge to "give defendant and his lawyer a reasonable opportunity to advise the court of any circumstances they believe the court should consider in imposing sentence". GCR 1963, 785.12 requires "both parties shall be given an opportunity at time of sentencing to respond to the presentence report and to explain or controvert any factual representations disclosed".

Neither of the above requirements was satisfied here. The sentencing judge stated:

"Now, I have simply agreed to pass sentence since Judge Lassiter is in the hospital, or rather he is out now and is home ill. I have simply agreed to pass sentence for Judge Lassiter because Judge Lassiter is my alternate judge and you know when the judge is out sick, he passes his sentence on to his alternate judge

---

* Circuit judge, sitting on the Court of Appeals by assignment.

and I am his alternate and I am passing the sentence that he wishes passed. Do you understand that?

"Well, here's the thing. If it were my case it would be something different. All I am doing is sitting instead of another judge. So, what I am talking about, the sentence that I pronounced is the decision of my alternate judge. It is his case and I can't do something with someone else's case that I might do with my own. If it were my case, it would probably be a different situation. But, you see, it is his case and I have to do what he requests me to do and he has requested me to do this."

Neither defendant nor his attorney was afforded the opportunity of addressing the court as contemplated by the rules above quoted. We remand for compliance with those rules, preferably by the trial judge.

The argument on the claimed inadmissible testimony is founded on *People v Beavers,* 393 Mich 554; 227 NW2d 511 (1975). By its own terms *Beavers* is prospective only and applies to police conduct occurring after its release, *People v Livingston,* 64 Mich App 247; 236 NW2d 63 (1975). The police conduct involved here occurred prior to *Beavers.*

Affirmed but remanded for compliance with GCR 1963, 785.8(2) and 785.12.