PEOPLE v BULLOCK

OPINION OF THE COURT

1. CRIMINAL LAW—SENTENCE—DEFENDANTS—OPPORTUNITY TO AD-
DRESS COURT—CONSIDERATION OF CIRCUMSTANCES—COURT
RULES—SUBSTANTIAL COMPLIANCE.

There was substantial compliance with the court rule which
requires the court to give a defendant and his lawyer a reason-
able opportunity to advise the court of any circumstances that
they believe the court should consider in imposing sentence
where defendant's counsel spoke for and on behalf of the
defendant at the time of sentencing indicating that he had had
a discussion with defendant and his mother and what defend-
ant's thoughts were in relation to the sentence (GCR 1963,
785.8[2]).

DISSENT BY N. J. KAUFMAN, J.

2. CRIMINAL LAW—SENTENCE—DEFENDANTS—OPPORTUNITY TO AD-
DRESS COURT—CONSIDERATION OF CIRCUMSTANCES—COURT
RULES—FAILURE OF SUBSTANTIAL COMPLIANCE.

*There should be a remand for resentencing where a sentence
transcript fails to disclose substantial compliance with the
court rule which requires the court to give a defendant and his
lawyer a reasonable opportunity to advise the court of any
circumstances they believe the court should consider in impos-
ing sentence (GCR 1963, 785.8[2]).*

Appeal from Recorder's Court of Detroit, James
Del Rio, J. Submitted April 8, 1977, at Detroit.
(Docket No. 28278.) Decided May 17, 1977.

Ronald G. Bullock was convicted, on his plea of

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law § 530.
Necessity and sufficiency of question to defendant as to whether he
has anything to say why sentence should not be pronounced
against him. 96 ALR2d 1292.

guilty, of attempted breaking and entering a building with the intent to commit larceny therein. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Research, Training and Appeals, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Sallen & Sallen, P. C.,* for defendant on appeal.

Before: BEASLEY, P. J., and J. H. GILLIS and N. J. KAUFMAN, JJ.

J. H. GILLIS, J. Defendant, originally charged with breaking and entering a building with the intent to commit larceny therein (MCLA 750.110; MSA 28.305), proffered and the court accepted a reduced plea to attempted breaking and entering a building with the intent to commit larceny therein (MCLA 750.92; MSA 28.287, MCLA 750.110; MSA 28.305). Following sentence, defendant appeals as of right.

The sole issue raised on appeal is whether defendant was denied a reasonable opportunity to advise the court of any circumstances that he believed the court should consider in imposing sentence. GCR 1963, 785.8(2). We have examined the transcript of the plea proceeding which disclosed that defendant's counsel spoke for and on behalf of the defendant at the time of sentencing. Counsel indicated that he had had a discussion with defendant and his mother and indicated to the court what the defendant's thoughts were in

relation to the sentence. This is substantial compliance with the court rule.

Affirmed.

BEASLEY, P. J., concurred.

N. J. KAUFMAN, J. *(dissenting)*. I must dissent. GCR 1963, 785.8(2) provides:

"Sentencing. Before sentence is imposed the court shall:

\* \* \*

"(2) give defendant and his lawyer a reasonable opportunity to advise the court of any circumstances they believe the court should consider in imposing sentence;

\* \* \*

"Provisions of subrule 785.8 are mandatory and failure to comply shall require resentencing."

In the instant case, the transcript discloses that before imposing sentence the following transpired:

"THE CLERK: File number 75-07621, the People versus Ronald Bullock.

"MR. DAGGS: There is one matter that was before this Court which was here at the time he went before Judge Heading.

"The mother said that he was going to be offered a sentence because he was going to prison.

"THE COURT: Well, disregard that, and dismiss the probation.

"MR. DAGGS: All right, your Honor.

"Any leniency that you can give this young man—I think his mother, we have discussed it. I have talked with him. He knows he had a drug problem. He wants to clean this thing up.

"I think the young man can straighten himself out and be an asset to the society.

"THE COURT: It is the sentence of this Court that he

will receive from two and a half to five years in Jackson State Prison."

I am unable to conclude that this was substantial compliance with the aforestated court rule; accordingly, I would remand for resentencing. See *People v Jack Crawford,* 66 Mich App 738; 239 NW2d 734 (1976).