PEOPLE v BERRY

PEOPLE v EDWARD LONG

Docket Nos. 62979, 62980, 63090, 63091, and 63164. Decided November 24, 1980. On applications for leave to appeal, the Supreme Court, in lieu of granting leave to appeal, set aside the sentences and remanded each case to the trial court for resentencing.

Joyce Berry was convicted on her pleas of guilty in the Recorder's Court of Detroit, Michael J. Connor, J., of armed robbery, assault with intent to rob while armed, and two counts of felony firearm. The Court of Appeals, V. J. Brennan and Bashara, JJ. (J. H. Gillis, P.J., dissenting in part), set aside the convictions of felony firearm on double jeopardy grounds but affirmed the other convictions and the sentence for felony firearm as an augmentation of the penalty for the underlying felonies (Docket Nos. 78-1169, 78-1170). The people apply for leave to appeal on the felony-firearm issue, and the defendant applies for leave to appeal, asserting that she was denied her right of allocution at sentencing.

Edward Long was convicted by a jury in Kalamazoo Circuit Court, Robert L. Borsos, J., of armed robbery. The Court of Appeals, Cynar, P.J., and J. H. Gillis and Baguley, JJ., affirmed in an unpublished per curiam opinion (Docket No. 77-786). The defendant applies for leave to appeal, asserting that he was denied his right of allocution at sentencing. *Held:*

1. The court rule requires that the record show that *both* the defendant and the defendant's counsel were given the opportunity to address the court before sentencing.

2. The rule requires strict compliance and should be understood in all cases to require that the trial court inquire specifically of the defendant separately whether the defendant wishes to address the court before the sentence is imposed. Ordinarily the inquiry should come immediately before the sentence is pronounced and after the trial court has made such remarks as it deems appropriate.

In these cases, it is evident from the records that the defendants were not separately and individually given a reasonable

opportunity to address the court, and the sentences are set aside and the cases remanded for resentencing.

In *Berry,* the Court of Appeals erred in holding that the felony-firearm convictions and convictions of the underlying felonies constituted double jeopardy. Accordingly, the felony-firearm convictions are reinstated.

88 Mich App 788 (1979) reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Timothy C. Scallen,* Assistant Prosecuting Attorney, for the people in *Berry.*

Joyce A. Berry, *in propria persona,* and *Robert E. Slameka* for defendant Berry.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James J. Gregart,* Prosecuting Attorney, and *Judy A. Hughes,* Appellate Assistant, for the people in *Long.*

*John A. Lydick,* Assistant State Appellate Defender, for defendant Long.

PER CURIAM. These cases have been consolidated for the purpose of making clear the nature of a criminal defendant's right of allocution before sentencing. The claim of each defendant arises from distinct trial court proceedings briefly set out below.

### Defendant Berry

The defendant pleaded guilty on October 11, 1977 to separate charges of armed robbery, MCL 750.529; MSA 28.797; assault with intent to rob while armed, MCL 750.89; MSA 28.284; and two counts of possession of a firearm during commis-

sion of a felony, MCL 750.227b; MSA 28.424(2). Pursuant to a plea bargain with the prosecuting attorney and a sentence bargain with the trial court, the defendant was sentenced to a total of not less than 7 nor more than 15 years in prison.

At sentencing, after stating that the sentence bargain called for imprisonment of 7 to 15 years, the Court said:

> *"The Court:* All right. Is there anything you want to say before I impose sentence?
>
> *"Mr. Wolney:* Richard T. Wolney, appearing on behalf of the defendant in 77-06332. I have had an opportunity to read the presentence report and I believe that it's accurate factually in its basis.
>
> *"The Court:* Is there anything you want to say?
>
> *"Ms. Gaskin:*[1] Deborah Gaskin appearing for the defendant. I also had an opportunity to review the report. I would only request that you follow the previously mentioned agreement."

The court then recited at some length the defendant's history of previous convictions, sentences, and prison escapes, commented about her use of heroin, described her sociopathic personality, observed that she apparently lacked remorse for the crimes committed, and imposed the sentence agreed upon.

### Defendant Long

The defendant was convicted by a jury of armed robbery, MCL 750.529; MSA 28.797, on December 1, 1976. After preparation of a presentence investi-

---

[1] The multiple charges to which the defendant pleaded guilty and for which the sentence was imposed were brought in two separate cases. The cases were consolidated for guilty plea and sentencing and thus the defendant was represented by two attorneys, Mr. Wolney and Ms. Gaskin.

gative report, a presentence conference occurred in the court's chambers involving the trial judge, counsel for the defendant, and an assistant prosecuting attorney.

No record was made of the conference in chambers. On December 27, 1976, the defendant was brought before the court and sentenced to confinement for a term of not less than 8 nor more than 20 years. The defendant complains that at sentencing he was denied his right of allocution and is entitled to be resentenced.

At the time of sentencing, the following occurred:

"*The Court:* Is your name Edward Long?

"*The Defendant:* Yes, sir.

"*The Court:* Mr. Hills is your attorney; is that correct?

"*The Defendant:* Yes, sir.

"*The Court:* Mr. Long, is there any reason why you should not be sentenced today for armed robbery?

"*The Defendant:* Not that I know of.

. * * *

"*The Court:* Mr. Hills, you have discussed this case with me in chambers. Do you wish to add anything further?

"*Mr. Hills:* There is nothing further. I have discussed it in chambers with yourself and Mr. Mabbitt and the probation agent.

"The only thing that I objected to in chambers was the presentence report of his wife being included in his, because I do not think it adds anything. I would have no chance to rebut that.

"Other than that, I would have no objection, your Honor.

"*The Court:* Mr. Long, you are not a youngster anymore. You are thirty-four years old, according to a report; is that right?

"*The Defendant:* Yes, sir.

*"The Court:* You have not been able to hold a job for very long.

*"The Defendant:* No.

*"The Court:* When was the last job you had?

*"The Defendant:* I was self-employed for a long time.

*"The Court:* But you were drawing ADC and so forth, with your wife, were you not?

*"The Defendant:* No.

*"The Court:* You never have gotten ADC?

*"The Defendant:* She might have drawed ADC, but I didn't draw on ADC.

*"The Court:* Your defense in this case was that you were under the influence of drugs, and that you did not recall what happened?

*"The Defendant:* Yes, sir.

*"The Court:* The jury did not feel that this was established sufficiently to acquit you on the charge. Even if this was the case, you are still a dangerous person if you are under the influence of drugs, and if you are carrying a weapon.

"The Court feels that you are a problem, and a danger to society. You have been found guilty and sentenced for armed robbery once before in Calhoun County, have you not?

*"The Defendant:* Yes, sir.

*"The Court:* It just seems to me that you have not learned your lesson, and you have to be put out of society for awhile.

*"The Defendant:* Well, your Honor, I ain't been back in society since they found me guilty.

*"The Court:* Well, Mr. Mabbitt, do you have anything to say in this matter?

*"Mr. Mabbitt:* Nothing that I have not already said in chambers, your Honor.

*"The Court:* Well, it is the sentence of this court that you, Edward Long, shall be forthwith committed to the state prison of Southern Michigan in Jackson County for the purpose of classification, and shall be confined in such state institution as shall be duly designated for a term not to exceed twenty years, and not less than eight years, from and after this date.

"I will recommend that you receive psychiatric treatment, if it is available.

*"The Defendant:* I would rather not have that recommended.

*"The Court:* Well, you do not have anything to say about it. I am making that recommendation."

## I

Both defendants complain that they were denied the right of allocution to which they are entitled under the provisions of GCR 1963, 785.8(2) and 785.9.

In relevant part, the court rule provides:

".8 Sentencing. Before sentence is imposed the court shall:

\* \* \*

"(2) Give defendant and his lawyer a reasonable opportunity to advise the court of any circumstances they believe the court should consider in imposing sentence;

\* \* \*

"Provisions of subrule 785.8 are mandatory and failure to comply shall require resentencing.

".9 Conformity with the practice provided under 785.3 through 785.8 shall affirmatively appear on the record."

We find that in the cases of both defendant Long and defendant Berry the court did not comply with the requirements of GCR 1963, 785.8(2) and 785.9.

The rule requires that the record reflect that *both* the defendant and his counsel were given the opportunity to address the court before sentencing.

In defendant Long's case, the record at sentencing clearly discloses that the defendant was denied his right of allocution. The court's opening inquiry whether the defendant knew of any reason why

"you should not be sentenced today" addressed the matter about which the *court* was concerned, but did not extend to the defendant an opportunity to address the court with respect to matters of concern to the *defendant.* Indeed, later in the colloquy, when the defendant spoke up on his own initiative to state that he preferred that no recommendation be made for psychiatric treatment, he was abruptly cut off by the trial court with the statement: "Well, you do not have anything to say about it. I am making that recommendation."[2]

Nor should the nature of the right of allocution be viewed any differently in cases like defendant Berry's where a sentence bargain has been struck. Sentence bargain or no sentence bargain, the defendant must be given the opportunity to make a statement to the sentencing court in mitigation, extenuation, or justification of the crime for which he is to be sentenced, or in any other respect relevant to the sentence to be imposed. He may wish to supplement or contradict material appearing in the presentence report, even if his attorney does not, or to bring to the court's attention information theretofore undisclosed which could have a bearing upon the justice of the entire proceedings. Moreover, to enable the defendant to address the court before sentence is imposed is more than a harmless charity extended to one about to be imprisoned. It is an important and integral aspect

---

[2] While it is not a basis for our decision, it is hard to imagine why the defendant "did not have anything to say about" whether the court should recommend psychiatric treatment. Who indeed would be more entitled to be heard on the matter than the proposed involuntary patient? He may have had something very worthwhile to tell the sentencing court about the worth of such a recommendation on the basis of his prior experience with psychiatric treatment in prison, the result of treatment received on earlier occasions, or some other information of value to the court—and if of no value to the court at all, in keeping with both the letter and the spirit of our rule that a citizen about to be incarcerated has a right to speak to the sentencing court.

of the truth-discovery purpose of the criminal justice process and is specifically mandated by our court rule. No exception exists for cases in which the court has struck a sentence bargain with the accused.

The rule requires strict compliance and should be understood in all cases to require the trial court to inquire specifically of the defendant separately whether he or she wishes to address the court before the sentence is imposed. Ordinarily the inquiry should come immediately before the sentence is pronounced and after the trial court has made such remarks as it deems appropriate concerning the offense involved, the presentence report, the defendant's personal history, the needs of the community, and any other subject.

In the cases before us, it is evident from the records that the defendants were not separately and individually given a reasonable opportunity to address the court. Thus the defendants must be resentenced.

## II

The prosecution has also filed a delayed application for leave to appeal in the case of *People v Berry*. It is argued that the Court of Appeals erred in setting aside defendant Berry's convictions of felony firearm on the theory that her convictions of the underlying felonies and felony firearm constituted double jeopardy. We agree. *Wayne Prosecutor v Recorder's Court Judge*, 406 Mich 374; 280 NW2d 793 (1979).

## III

Accordingly, pursuant to GCR 1963, 853.2(4), in

lieu of grants of leave to appeal, defendant Berry's convictions of felony-firearm are reinstated, and the sentences imposed in these cases are set aside and each case is remanded to the trial courts for resentencing.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.