PEOPLE v MORGAN

Docket No. 54748. Submitted September 15, 1981, at Detroit.—Decided December 16, 1981.

Jerome J. Morgan pled guilty in Recorder's Court of Detroit to a charge of breaking and entering an occupied dwelling with intent to commit larceny. He was sentenced to 3 to 15 years in prison, Evelyn K. Cooper, J. Defendant appeals, contending that his plea was not voluntarily made, that he was denied effective assistance of counsel and that he was denied his right of allocution. *Held:*

1. The trial court fully complied with the court rules governing the taking of guilty pleas. Even if defendant's allegations are true, they would not entitle him to a reversal.

2. Defendant's attorney performed as well as a lawyer with ordinary training and skill in the criminal law and conscientiously protected his client's interests. Defendant was not denied effective assistance of counsel.

3. The record does not affirmatively show that the defendant was provided an opportunity to speak prior to sentencing. The court rules require that the record reflect that both the defendant and his counsel were given the opportunity to address the court before sentencing.

4. Defendant's sentence is vacated and the case is remanded to the trial court to afford defendant an opportunity to exercise his allocution rights before resentencing.

Remanded.

J. H. GILLIS, J., dissented. He would hold that the trial court complied with the court rules and that defendant was not deprived of his allocution rights because the trial court asked at the sentencing hearing if there was anything defense counsel or defendant would like to say prior to sentencing. He would affirm.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law § 531.

Necessity and sufficiency of question to defendant as to whether he has anything to say why sentence should not be pronounced against him. 96 ALR2d 1292.

Opinion of the Court

1. CRIMINAL LAW — SENTENCING — RIGHT OF ALLOCUTION — COURT RULES.

The court rules require that the trial court record show that both the defendant in a criminal case and his counsel were given the opportunity to address the court before sentencing; the rules require strict compliance and should be understood in all cases to require the trial court to inquire specifically of the defendant separately whether he or she wishes to address the court before the sentence is imposed (GCR 1963, 785.8[2], 785.9).

DISSENT BY J. H. GILLIS, J.

2. CRIMINAL LAW — SENTENCING — RIGHT OF ALLOCUTION.

A criminal defendant was not denied his right of allocution at a sentencing hearing where the court, prior to sentencing, inquired whether there was anything the defense counsel or the defendant would like to say prior to sentencing.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *A. George Best, II,* Assistant Prosecuting Attorney, for the people.

*Henry Stancato,* for defendant on appeal.

Before: D. C. RILEY, P.J., and R. M. MAHER and J. H. GILLIS, JJ.

PER CURIAM. Defendant pleaded guilty to breaking and entering an occupied dwelling with the intent to commit larceny, MCL 750.110; MSA 28.305. His first contention is that his guilty plea was made involuntarily inasmuch as (1) when he pleaded guilty, the day's events were happening so fast he felt like he couldn't think, (2) he did not trust his attorney to defend him adequately at trial, and (3) he was distressed by the prospect of receiving a much more severe sentence after trial. We find no support in the record for these factual allegations and accordingly affirm the trial court's

determination that defendant's plea was made voluntarily since the trial court fully complied with GCR 1963, 785.7. See *People v Serr,* 73 Mich App 19; 250 NW2d 535 (1976). In any event, defendant would not be entitled to a reversal even if he succeeded in establishing these allegations.

Defendant also contends that he was denied effective assistance of counsel inasmuch as his attorney failed to advise him of his allocution rights or of the procedure for withdrawing a guilty plea. Under these circumstances we find that defendant's attorney performed "as well as a lawyer with ordinary training and skill in the criminal law and conscientiously protect[ed] his client's interest". *People v Garcia,* 398 Mich 250, 280; 247 NW2d 547 (1976).

Defendant's final contention is that he was denied his allocution rights. At the sentencing hearing, the following exchange occurred:

*"The Court:* Case No. 80-04598, the *People v Jerome Joseph Morgan.*

"Counsel, I have the pre-sentence report, and have you read this report and discussed it with Mr. Morgan, and is there anything that you or your client would like to say prior to my sentence?

*"Mr. Hamilton:* Good morning, your Honor.

"We had a chance to read the report. I have discussed it with Mr. Morgan, and the information is accurate.

*"The Court:* It is the sentence of the Court, Mr. Morgan, that you be committed to the Michigan Corrections Commission to be placed in custody at the Southern Prison of Michigan to serve a minimum term of not less than 3 years, nor a maximum term of more than 15 years. You will be given credit for any time served."

In *People v Berry,* 409 Mich 774; 298 NW2d 434 (1980), the Supreme Court clarified the nature of a defendant's right of allocution before sentencing.

The Court held that GCR 1963, 785.8(2) and 785.9 require that "the record reflect that *both* the defendant and his counsel were given the opportunity to address the court before sentencing". (Emphasis in original.) *Id.,* 779. The *Berry* Court vacated the sentences of the two defendants on the ground that it was "evident from the records that the defendants were not separately and individually given a reasonable opportunity to address the court". *Id.,* 781.

In the instant case, as in *Berry,* the record does not affirmatively show that the defendant was provided an opportunity to speak prior to sentencing. We are mindful of the *Berry* Court's admonition that "[t]he rule requires strict compliance and should be understood in all cases to require the trial court to inquire specifically of the defendant *separately* whether he or she wishes to address the court before the sentence is imposed". (Emphasis added.) *Id.* Accordingly, we vacate defendant's sentence and remand this case to the trial court to afford defendant an opportunity to exercise his allocution rights before resentencing.

It is unnecessary to provide defendant with an evidentiary hearing on the voluntariness and effective assistance issues since we have determined that even if he succeeds in establishing his factual allegations he is entitled to no relief.

Remanded.

J. H. GILLIS, J. *(dissenting).* I respectfully dissent.

I think the trial court complied with the mandate set forth in *People v Berry,* 409 Mich 774; 298 NW2d 434 (1980), when the court said "* * * [I]s there anything that you *or* your client would like to say prior to my sentence?" (Emphasis supplied.)

I would affirm the trial court.