PEOPLE v THEOBALD

Docket No. 59657. Submitted April 13, 1982, at Lansing.—Decided June 10, 1982.

Mark A. Theobald pled guilty in the Oakland Circuit Court to a charge of escaping from prison. He was sentenced to six months to five years in prison, Robert L. Templin, J. Defendant appeals alleging failure to comply with an alleged sentence bargain and the failure to provide his attorney with an opportunity to address the court prior to his sentencing. *Held:*

1. The record fails to support defendant's contention that the trial court failed to comply with the court rule regarding acceptance of a guilty plea. There is no record evidence that a bargain had been reached. Defendant has no knowledge of any factual details involving the bargain he alleged. Defendant stated at trial that there were no agreements.

2. The trial court erred in not affording defendant's attorney the specific opportunity to address the court prior to defendant's sentencing.

Conviction affirmed, sentence vacated, and remanded for resentencing.

CRIMINAL LAW — SENTENCING — RIGHT OF ALLOCUTION — COURT RULES.

The court rule regarding sentencing requires that the trial court record show that both the defendant in a criminal case and his counsel were given the opportunity to address the court before sentencing; the rule requires strict compliance and should be understood in all cases to require the trial court to specifically inquire of the defendant and his counsel separately whether he or she wishes to address the court before the sentence is imposed (GCR 1963, 785.8[2], 785.9).

*Frank J. Kelley,* Attorney General, *Louis J.*

REFERENCES FOR POINTS IN HEADNOTES

21 Am Jur 2d, Criminal Law § 531.

Necessity and sufficiency of question to defendant as to whether he has anything to say why sentence should not be pronounced against him. 96 ALR2d 1292.

*Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Michael J. Modelski,* Assistant Prosecuting Attorney, for the people.

*Elliot D. Margolis,* for defendant on appeal.

Before: DANHOF, C.J., and R. B. BURNS and WAHLS, JJ.

PER CURIAM. Defendant pled guilty as charged to escaping from prison, MCL 791.265a; MSA 28.2325(1) and MCL 750.193; MSA 28.390. He was sentenced to a minimum of six months and a maximum of five years in prison, and appeals.

The record fails to support defendant's initial contention that the trial court failed to compy with GCR 1963, 785.7(4) in accepting defendant's plea.

We find no evidence on the record that a sentence bargain had been reached. While the court indicated that sentence had been discussed in chambers with counsel, the fact of a bargain was not established, nor did defendant claim to have knowledge of any factual details involving the bargain he alleged.

At the plea-taking, defendant stated that there were no agreements which prompted him to plead guilty and that he had not been promised anything to get him "off easy". In addition, defendant executed a guilty plea form in which he acknowledged that no promises of a specific sentence had been made in exchange for his plea of guilty. Moreover, after accepting defendant's plea, the trial court referred the case to the probation department for investigation and sentence recommendation.

Defendant next contends that his attorney was

not given the opportunity to address the court as required by GCR 1963, 785.8(2). At sentencing the following exchange occurred:

"*Mr. Fenton:* Good morning, your Honor. For the record, Jerome L. Fenton, Assistant Prosecuting Attorney for the County of Oakland.

"Proceeding with the sentences, your Honor, calling CR81-48580-FY, *People of the State of Michigan versus Mark Andrew Theobald.* This is the date set for sentencing. People are ready to proceed.

"*Ms. Bloom:* Good morning, your Honor, Cheryl D. Bloom on behalf of Mr. Theobald. We are also ready to continue.

"*The Court:* Very well, Mr. Theobald, are there any circumstances you would wish the court to consider before imposing sentence?

"*Mr. Theobald:* No.

"*The Court:* Very well, it is the sentence of the court, Mr. Theobald, that you be confined to the State Prison of Southern Michigan for a minimum period of six months and a maximum period of five months *[sic]*."

In *People v Berry,* 409 Mich 774; 298 NW2d 434 (1980), the Court held that GCR 1963, 785.8(2) and 785.9 require that "the record reflect that *both* the defendant and his counsel were given the opportunity to address the court before sentencing". *Id.,* 779. In *Berry,* the sentences of two defendants were vacated on the ground that it was "evident from the records that the defendants were not separately and individually given a reasonable opportunity to address the court". *Id.,* 781. The Court concluded that "[t]he rule requires strict compliance and should be understood in all cases to require the trial court to inquire specifically of the defendant separately whether he or she wishes to address the court before the sentence is imposed". *Id.,* 781.

In *People v Morgan,* 112 Mich App 90, 93; 314 NW2d 806 (1981), this Court vacated defendant's sentence where defense counsel was given the opportunity to address the court, but the record did not affirmatively show that defendant was provided this same opportunity. See, also, *People v Braddock,* 106 Mich App 11, 15; 307 NW2d 341 (1980).

We are of the opinion that the strict adherence to the court rule mandated in *Berry* and followed in *Morgan* and *Braddock* also requires that the record reflect that defense counsel was given a specific opportunity to address the court prior to defendant's sentencing. GCR 1963, 785.8(2) speaks of an opportunity for both defendant *and* his lawyer while *Berry* indicates that the record must reflect the opportunity for *both* the defendant and his counsel. We note that defense counsel's knowledge of the law, the facts of the case, the plea procedure and the information contained in the presentence report make the opportunity for defense counsel to advise the court no less important than defendant's opportunity.

A limitation of the holding in *Berry* to require that only the defendant be given an opportunity on the record to address the court would not be consonant with the plain meaning of the court rule or with the reasoning of the Supreme Court employed in *Berry.*

In the instant case, the record reveals that defense counsel was not afforded a specific opportunity to address the court prior to defendant's sentencing. Accordingly, we vacate defendant's sentence and remand this case to the trial court to afford defense counsel that opportunity.

Defendant's conviction is affirmed; sentence vacated and remanded for resentencing.