PEOPLE v BROOKS

Docket No. 58536. Submitted September 15, 1982, at Grand Rapids.—
Decided December 8, 1982.

Terrance B. Brooks was convicted, on his plea of guilty, of
breaking prison, Kalamazoo Circuit Court, Robert L. Borsos, J.
The defendant appeals alleging that (1) his waiver of his right
to the assistance of counsel was involuntary, (2) the trial judge
erred by failing to inform him that the statute pursuant to
which he was convicted required that his sentence be served
consecutively to the sentence that he was serving at the time of
his escape, and (3) he was denied his right of allocution prior to
being sentenced. *Held:*

1. The defendant's waiver of his right.to the assistance of
counsel was voluntary and informed. The trial judge fully
complied with the applicable court rule. The defendant had
substantial experience in the criminal justice system and he
possessed sufficient intelligence and familiarity with his rights
to voluntarily waive his right to counsel.

2. The trial judge did not err in failing to inform the
defendant that the statute under which he pled guilty required
that his sentence be served consecutively to the sentence that
he was serving at the time of his escape.

3. The defendant was denied his right of allocution prior to
being sentenced. The defendant was not allowed to address the
trial court on the subject of sentencing before his sentence was
imposed. The defendant should be resentenced.

Affirmed but remanded for resentencing.

1. CRIMINAL LAW — ASSISTANCE OF COUNSEL — WAIVER.

The existence of a knowing and intelligent waiver of the right to
counsel depends in each case upon the particular facts and

REFERENCES FOR POINTS IN HEADNOTES
[1] 21A Am Jur 2d, Criminal Law §§ 760, 990.
[2] 21 Am Jur 2d, Criminal Law § 472.
[3] 21 Am Jur 2d, Criminal Law § 531.
Necessity and sufficiency of question to defendant as to whether he
has anything to say why sentence should not be pronounced
against him. 96 ALR2d 1292.

circumstances, including the background, experience, and conduct of the accused (GCR 1963, 785.4).

2. CRIMINAL LAW — SENTENCING — GUILTY PLEAS — CONSECUTIVE SENTENCES.

A trial court has no duty to inform a criminal defendant at a plea-taking proceeding that any sentence imposed will be consecutive where the defendant is a prison escapee and a consecutive sentence is mandated by statute, his previous unspecified sentence is not before the court and the court is setting a sentence only for a conviction in the case before it (MCL 750.193; MSA 28.390).

3. CRIMINAL LAW — ALLOCUTION.

The court rule providing for a criminal defendant's right of allocution prior to sentencing requires strict compliance and the trial court should inquire specifically of the defendant separately whether he or she wishes to address the court before the sentence is imposed; ordinarily the inquiry should come immediately before the sentence is pronounced and after the trial court has made such remarks as it deems appropriate concerning the offense involved, the presentence report, the defendant's personal history, the needs of the community, and any other subject; a trial court's failure to comply with the court rule requires the resentencing of the defendant (GCR 1963, 785.8[2]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *James J. Gregart,* Prosecuting Attorney, and *Douglas E. Weldon,* Assistant Prosecuting Attorney, for the people.

*Marovich & Stroba* (by *Milton J. Marovich),* for defendant on appeal.

Before: BRONSON, P.J., and BEASLEY and CYNAR, JJ.

PER CURIAM. Defendant, upon his plea of guilty, was convicted of breaking prison, MCL 750.193; MSA 28.390. He was sentenced to a prison term of from one to five years. He appeals by right.

We reject defendant's claim that his waiver of

his right to the assistance of counsel was involuntary. The trial judge fully complied with the applicable court rule, GCR 1963, 785.4. Our review of the transcripts of the plea-taking and sentencing reveals a proper concern on the part of the trial judge for defendant's right to counsel. In several instances, the trial judge went beyond the requirements of the court rule in explaining to defendant the choices presented to him.

The guidelines for determining whether a defendant should be allowed to dismiss his counsel and proceed to trial *pro se* are not applicable here. As our Supreme Court stated in *People v Anderson,* 398 Mich 361; 247 NW2d 857 (1976), the existence of a knowing and intelligent waiver must depend in each case upon its particular facts and circumstances, including the background, experience and conduct of the accused. In the present case, defendant was a man with substantial experience in the criminal justice system. Our review of defendant's statements to the trial court indicates that he possessed sufficient intelligence and familiarity with his rights to voluntarily waive his right to counsel. Furthermore, we think that compliance with GCR 1963, 785.4, will, in all but the most unusual cases, ensure that a defendant's waiver of the right to counsel at the plea-taking proceeding is voluntary and informed.

We also reject defendant's claim that his waiver of counsel was involuntary because he stated, at the plea-taking proceeding, that he did not wish to have counsel appointed for him so long as no supplemental information was filed against him. On appeal, defendant claims that that statement shows that he waived his right to counsel in exchange for the prosecutor's failure to file a supplemental information. Nothing in the record

supports that claim and it is affirmatively refuted by statements made by defendant and by the prosecutor. Defendant clearly stated that he waived his right to counsel, subject to the possibility that he would change his mind if the prosecutor filed a supplemental information. On the record, the prosecutor and judge did nothing to elicit that statement. Defendant's statement was the result of his own informed decision, not of any threats by the prosecutor. Defendant was not coerced into waiving his right to counsel.

Defendant claims that the judge erred by failing to inform him that the statute required that his sentence be served consecutively to the sentence that he was serving at the time of his escape. We disagree for the reasons stated in *People v Hollie,* 112 Mich App 370; 315 NW2d 549 (1981).

Finally, we agree with defendant that he was denied his right of allocution even though the judge asked defendant if he had anything to say after sentence was imposed. We are compelled by the Supreme Court's authority to hold that failure to comply with GCR 1963, 785.8(2), requires resentencing. *People v Berry,* 409 Mich 774, 781; 298 NW2d 434 (1980). In *Berry,* the Supreme Court stated:

"The rule requires strict compliance and should be understood in all cases to require the trial court to inquire specifically of the defendant separately whether he or she wishes to address the court before the sentence is imposed. Ordinarily the inquiry should come immediately before the sentence is pronounced and after the trial court has made such remarks as it deems appropriate concerning the offense involved, the presentence report, the defendant's personal history, the needs of the community, and any other subject.

"In the cases before us, it is evident from the records that the defendants were not separately and individu-

ally given a reasonable opportunity to address the court. Thus the defendants must be resentenced."

Defendant was not allowed to address the court on the subject of sentencing before his sentence was imposed.

In order to cure an omission of the defendant's opportunity for allocution, the defendant must specifically be informed that his comments are sought in order to assist the judge in passing sentence. Where, as here, the defendant is merely asked if he has anything to say after sentence is imposed and he says nothing, resentencing is required. The reviewing court cannot tell whether the defendant did not wish to exercise his right of allocution or he thought the opportunity was meaningless because his sentence had already been imposed.

Defendant's conviction is affirmed; remanded for resentencing.