PEOPLE v CLARK

Docket No. 58467. Submitted September 14, 1982, at Detroit.—Decided December 8, 1982. Leave to appeal applied for.

James Clark was convicted in Recorder's Court of Detroit, Donald L. Hobson, J., on his pleas of guilty, of second-degree murder and of first-degree criminal sexual conduct. The pleas resulted from a plea bargain including bargained-for sentences. Defendant appeals. *Held:*

1. Where the language "life or any term of years" is used in a statute, a minimum sentence of "any term of years" is mandated. The trial court, accordingly, erred by failing to inform the defendant that there was a mandatory minimum sentence on the. second-degree murder count, since the bargained-for sentence did not relieve the trial court of his obligation under the court rule to inform the defendant prior to acceptance of his plea of any minimum sentence.

2. The trial court failed to afford the defendant his right to allocution.

3. The trial court did not err because it failed to inform defendant that he has a right to remain silent at a plea proceeding.

4. The defendant's guilty pleas were not the product of illegally obtained confessions.

Reversed and remanded.

1. CRIMINAL LAW — GUILTY PLEAS — MINIMUM SENTENCE — PLEA BARGAIN — COURT RULES.

A plea bargain for a particular sentence does not relieve the trial court from informing a defendant pursuant to court rule of any mandatory minimum sentence (GCR 1963, 785.7[1][b]).

2. CRIMINAL LAW — SENTENCING — MINIMUM SENTENCE.

The language "life or any term of years" mandates a minimum sentence of any term of years. .

REFERENCES FOR POINTS IN HEADNOTES
[1] 21A Am Jur 2d, Criminal Law § 476.
[2] 21A Am Jur 2d, Criminal Law § 542.
[3] 21A Am Jur 2d, Criminal Law §§ 418, 428.

3. Criminal Law — Guilty Pleas — Right to Remain Silent.

A trial court is not obliged to tell a defendant prior to a guilty plea hearing that he has a right to remain silent at that hearing.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Carolyn Schmidt,* Assistant Prosecuting Attorney, for the people.

*Robert E. Slameka,* for defendant on appeal.

Before: R. M. Maher, P.J., and N. J. Kaufman and Wahls, JJ.

Per Curiam. Defendant pled guilty to second-degree murder, MCL 750.317; MSA 28.549, and first-degree criminal sexual conduct, MCL 750.520d; MSA 28.788(2), in exchange for a charge reduction, dismissal of a third count and concurrent sentences of 12 to 20 years. He appeals by right.

The defendant contends that the trial court's failure to inform him, pursuant to GCR 1963, 785.7(1)(d), of the mandatory minimum sentence for second-degree murder requires reversal of the conviction on that charge. We note first that the defendant's sentence bargain did not excuse the trial court from its duty to advise the defendant of the mandatory minimum sentence for second-degree murder. In *People v Greene,* 414 Mich 896; 323 NW2d 4 (1982), our Supreme Court held that a sentence bargain is irrelevant to the court's obligation to tell the defendant that the offense to which he is pleading is nonprobationable. Obviously, the Supreme Court has decided that information which would be meaningless to a defendant guar-

anteed a sentence—for example, that the offense is nonprobationable—must still be communicated to the defendant. The mandatory minimum sentence would also be meaningless to such a defendant; nevertheless, the court must still advise the defendant of it. Second, we disagree with the people's argument that the sentencing language appearing in the second-degree murder statute—"life, or any term of years"—states no mandatory minimum sentence. Although a few panels of this Court have held as much, see *People v Landis,* 91 Mich App 345; 283 NW2d 647 (1979); *People v Freeman,* 73 Mich App 568; 252 NW2d 518 (1977), we follow the view expressed in *People v Taylor,* 112 Mich App 94; 315 NW2d 202 (1982), and hold that this language mandates a minimum sentence of "any term of years". The trial court's failure to inform the defendant of this mandatory minimum sentence requires us to reverse his conviction for second-degree murder. *People v Jones,* 410 Mich 407; 301 NW2d 822 (1981). Accordingly, the case is remanded to allow the defendant an opportunity to withdraw his plea.

The defendant next contends that the court did not give him his right to allocution guaranteed by GCR 1963, 785.8 when it sentenced defendant on the second-degree murder and first-degree criminal sexual conduct convictions. The record supports defendant's claim. Accordingly, the defendant's sentence for the first-degree criminal sexual conduct conviction is set aside and the case remanded for resentencing on this conviction to allow the defendant and his lawyer an opportunity to address the court in accordance with the court rule. *People v Berry,* 409 Mich 774; 298 NW2d 434 (1980). In addition, if the defendant chooses to plead guilty to the second-degree murder charge

again, the trial court is instructed to allow him his right to allocution.

The defendant's three remaining claims are without merit. We address them briefly. First, the trial court is not obliged to tell the defendant that he has the right to remain silent at the plea-taking hearing; the court need only inform the defendant of his right to remain silent at trial. Second, even if the defendant's confession admitting first-degree criminal sexual conduct was obtained illegally, *People v Peters,* 397 Mich 360; 244 NW2d 898 (1976), *cert den* 429 US 944; 97 S Ct 365; 50 L Ed 2d 315 (1976), held that a guilty plea is not the product of an illegally obtained confession on similar facts. Defendant's final claim—that his plea to second-degree murder was the product of an illegally gained confession—is rejected on similar grounds.

Reversed and remanded.