Kelly, J.
(dissenting). I disagree with the majority’s conclusion that defendant had the opportunity envisioned by MCR 6.425(D)(2)(c) to address the court before sentencing. This decision is an unfortunate departure from precedent.
*637 We held in People v Berry[1] that compliance with the right of allocution requires the sentencing court to specifically address the defendant. The trial judge’s general inquiry of “anything further” directed apparently at no one in particular was not sufficient under Berry or under the principles that gave rise to it. Therefore, I would remand the case to the sentencing court for proper allocution and resentencing.
The right of allocution is deeply embedded in this country’s criminal jurisprudence. As early as 1689, the common law acknowledged that reversal is required when a court fails to invite a defendant to speak before sentencing. Green v United States, 365 US 301, 304; 81 S Ct 653; 5 L Ed 2d 670 (1961); United States v De Alba Pagan, 33 F3d 125, 129-130 (CA 1, 1994). The right of allocution is designed to temper punishment with mercy and to ensure that sentencing reflects individualized circumstances. Its value lies in maximizing the perceived equality of the process. Id. at 129.
In keeping with these principles, we announced in Berry in 1980 that the right of allocution is “an important and integral aspect of the truth-discovery purpose of the criminal justice process . . . .” Berry, supra at 780-781. The right provides a defendant with an opportunity to make a statement in mitigation, extenuation, or justification of the crime for which a sentence is being imposed. Id. at 780. Nothing has occurred during the intervening twenty-two years to alter those truths. Berry was not wrongly decided.
It established a bright line rule easily applied by the courts. It avoided litigation in cases, as in the case *638 before us, where the record is ambiguous about whether a defendant was given an intelligible opportunity to address the sentencing judge. The Berry rule guaranteed defendants a fair and meaningful opportunity to exercise the right to allocute. It signaled to trial court judges that they should not pronounce sentence before specifically asking whether a defendant wished to speak.
The majority removes this easily understood and easily applied rule for no good reason. It replaces the rule with one that encourages sloppiness and uncertainty in the imposition of sentences.
Despite the majority’s acknowledgment that it is unclear whom the sentencing court was addressing here, it concludes that defense counsel’s response indicates that defendant had nothing to say. This overlooks the possibility that defendant might have had something to say even if defense counsel was unaware of it or had nothing more to say himself. The record provides no basis, aside from speculation, for concluding otherwise.
The majority’s reasoning also ignores the intimidating environment of a courtroom. It ignores the stress of sentencing for a person like defendant who was most certainly about to lose her liberty. It is not reasonable to presume, as does the majority, that a defendant will seize on such a vague inquiry as “anything further” as representing a last opportunity to address the court before sentencing.
Given the importance of the right of allocution and the flaws present in the sentencing here, the best rule is the longstanding and accepted rule of Berry. Because the trial judge failed to specifically inquire of defendant whether she wished to address the court *639 before sentencing, defendant was denied her right to allocute under MCR 6.425(D)(2)(c). I would abide by the rule of stare decisis and remand the case to the sentencing court to give defendant an opportunity to allocute and for resentencing.

 409 Mich 774; 298 NW2d 434 (1980).