PEOPLE v McGUIRE

Docket No. 96746. Submitted September 14, 1987, at Lansing. Decided December 9, 1987.

Donald T. McGuire was convicted on his plea of guilty in Osceola Circuit Court, Lawrence C. Root, J., of two counts of criminal sexual conduct in the first degree. The guilty plea was offered in exchange for a sentence recommendation by the prosecutor of twelve to twenty years and the prosecutor's agreement not to file additional criminal sexual conduct charges involving other victims. At the sentencing hearing, the trial court informed the defendant that it was "considering departing from the recommendation and imposing a more severe sentence." Despite this disclosure, the defendant declined the court's offer to let him withdraw his plea. The court, thereafter, sentenced defendant to sentences of from forty to ninety years on each count. Defendant appealed.

The Court of Appeals *held:*

1. Where there has been a plea agreement which includes a sentence recommendation from the prosecutor and the sentencing court is considering the imposition of a more severe sentence, the sentencing court must inform the defendant of the sentence it considers to be appropriate before offering the defendant the opportunity of withdrawing the guilty plea. It is not sufficient for the court to merely indicate that it is considering the imposition of a more severe sentence.

2. The sentences imposed were not so excessive as to shock the conscience of the court.

Reversed.

M. J. KELLY, P.J., concurred with the result reached in this case but would limit the requirement that the court must define exactly how much more severe a sentence it is considering to those instances where, as here, there is a considerable disparity between the recommended sentence and the sentence being considered.

REFERENCES

Am Jur 2d, Criminal Law §§ 473 *et seq.;* 510.

Withdrawal of plea of guilty or nolo contendere, before sentence, under Rule 32(d) of Federal Rules of Criminal Procedure. 6 ALR Fed 665.

CRIMINAL LAW — PLEA BARGAINS — GUILTY PLEAS — SENTENCE
    AGREEMENTS.
    A sentencing court, before imposing sentence where a guilty plea
    has been made on the basis of a sentence recommendation by
    the prosecutor and the court is considering a sentence more
    severe than the recommended sentence, must inform the defen-
    dant both that the recommendation as to the sentence has not
    been accepted and what sentence the court finds to be the
    appropriate disposition before offering the defendant an oppor-
    tunity to withdraw the guilty plea; it is not sufficient for the
    court to merely indicate that the sentence it is considering is
    more severe than the recommended sentence.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *James L. Talaske,* Prosecuting Attorney, and *Jann Ryan Baugh,* Assistant Attorney General, for the people.

*James R. Rinck,* for defendant.

Before: M. J. KELLY, P.J., and CYNAR and M. M. DOCTOROFF, JJ.

PER CURIAM. Defendant pled guilty to two counts of first-degree criminal sexual conduct, MCL 750.520b(1)(b); MSA 28.788(2)(1)(b), involving his fourteen-year-old stepdaughter. In exchange for the pleas, the prosecutor agreed not to file any additional charges for defendant's alleged similar behavior with his natural daughter and his other stepdaughter. In addition, the prosecutor agreed to recommend a sentence of twelve to twenty years on each count. On June 23, 1986, defendant received sentences of from forty to ninety years in prison on each count. He now appeals as of right raising two issues.

First, defendant complains that the trial court erred by not telling defendant what sentence he would receive before giving defendant an opportunity to withdraw his pleas. After the sentence,

appellate counsel moved in the trial court to withdraw defendant's pleas, alleging the trial court failed to follow *People v Killebrew,* 416 Mich 189; 330 NW2d 834 (1982).

Following arguments on defendant's motion, on October 6, 1986, the trial court issued a written opinion in which it concluded that *Killebrew* had been complied with when the court indicated to defendant that it was considering imposing a more severe sentence than the one recommended by the prosecution and then afforded defendant the opportunity to withdraw his pleas. The trial court relied on *People v McNeal,* 150 Mich App 85; 389 NW2d 708 (1985), to support its decision.

In *Killebrew, supra,* pp 209-210, the Supreme Court held the following with respect to the procedure that a sentencing court must follow if it intends to depart from a nonbinding prosecutorial sentence recommendation:

> Therefore, we now hold that if the plea agreement offered to the court by the prosecutor and defendant includes a non-binding prosecutorial recommendation of a specific sentence, the judge may accept the guilty plea (after consideration of the presentence report), yet refuse to be bound by the recommended sentence. The judge retains his freedom to choose a different sentence. *However, the trial judge must explain to the defendant that the recommendation was not accepted by the court, and state the sentence that the court finds to be the appropriate disposition.* The court must then give the defendant the opportunity to affirm or withdraw his guilty plea.
>
> Through this procedure, the defendant will be fully aware of all the consequences of his guilty plea. He will thus be able to make a knowing and intelligent waiver of his right to trial and its companion rights. Additionally, the judge will have full exercise of his sentencing discretion. [Emphasis added.]

The Court's rationale for such a procedure is premised on the fact that a defendant may not fully understand the consequences of a plea where the defendant, believing that he has negotiated a specific sentence term, pleads guilty, and being bound to his plea, discovers that the trial judge is free to impose any sentence within the statutory range. *Id.,* p 209. To avoid this result and unfairness, the Supreme Court requires that a sentencing court inform the defendant that it intends to depart from the recommendation, state the sentence, and then offer defendant the opportunity to withdraw his plea.

In this case, the trial court relied on *McNeal, supra,* as a justification for not stating the sentence it was intending to impose. In *McNeal,* defendant received a sentence of from thirty-five to seventy years in prison. Defendant appealed, and this Court remanded the case to the trial court for resentencing in light of *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983). *McNeal, supra,* p 87.

At resentencing, defendant received the same sentence. He appealed once more, arguing that he was denied an opportunity to allocute prior to his sentence since, in chambers, the court indicated the sentence defendant would receive and stated that it had no intention of changing that sentence. Subsequently, McNeal was given an opportunity to allocute. This Court reversed because the trial judge effectively eliminated defendant's right of allocution when he made the following comments:

> "*The Court:* Well, I think if you want to, you should—I'm giving you that opportunity, to put on the record whatever you think is relevant as far as a resentence is concerned. I'm here to resentence him. I have told you in chambers that I do not have any intention of changing the sentence, and I

expect to sometime this morning put on the record
why I do not intend to do that, but you certainly
have the opportunity to give me any reasons that
you want as to why I should change the sentence."
[150 Mich App 88.]

In our case, we agree with defendant's claim
that the trial court violated the *Killebrew* holding.
As indicated, *Killebrew* requires the court to state
the sentence it proposes to impose on the defen-
dant. Here, the judge merely indicated his inten-
tion to depart from the recommended sentence,
but never stated the sentence he was considering,
as evidenced by the following colloquy between the
court and defendant:

*The Court:* Mr. Talhelm, do I correctly read in
that statement that you and your client have
discussed the fact that the Court is intending to
depart from the prosecutor's recommendation?

*Mr. Talhelm:* We have, sir.

*The Court:* And are you agreeing to proceed
with sentencing even in face of that disclosure?

*Mr. Talhelm:* We are, sir.

*The Court:* Mr. McGuire, do you understand that
the—first of all, the prosecutor made a recommen-
dation in this case that you be sentenced to prison
for a period of from 12 to 20 years. Do you recall
that being the prosecutor's recommendation?

*The Defendant:* Yes, sir.

*The Court:* At this time I am considering depart-
ing from that recommendation and imposing a
more severe sentence. What that does, is it gives
you the right to withdraw your plea of guilty and
go back in the case before you pled guilty and, in
essence, start again if you wish to go to trial. Do
you understand that you have that right?

*The Defendant:* Yes, sir.

*The Court:* Do you wish to withdraw your plea
of guilty?

*The Defendant:* No, sir.

We believe that *McNeal, supra,* is distinguishable because, in that case, the court's comments clearly indicated that the court was going to impose the thirty-five to seventy year sentence no matter what defendant or his attorney stated. In other words, the trial court had already determined the sentence without the benefit of defendant's right of allocution.

In our case, the court should have indicated the sentence it was anticipating. Thereafter, defendant would have had an opportunity to withdraw his plea and still preserve his right to allocute before the court actually imposed sentence.

We note that our case is close to *McNeal, supra,* because, as the people argue, telling defendant what possible sentence he may receive appears to be a violation of his right to allocute. However, we believe that *Killebrew* requires the court to indicate the anticipated sentence. Once the sentence is known, defendant would still have his right of allocution, and the court could change its proposed sentence after hearing defendant's remarks. Thus, defendant's convictions must be reversed, and he should be afforded the opportunity to withdraw his pleas.

As to defendant's second claim, pursuant to *Coles, supra,* p 553, the sentences imposed do not shock our conscience. In exchange for his pleas, the prosecutor agreed not to file any additional charges involving defendant and his natural daughter and his other stepdaughter.

Reversed.

M. J. Kelly, P.J. *(concurring).* On the facts presented in this case, I concur with the result the majority has reached. However, I differ with the broad interpretation placed on *People v Killebrew,*

416 Mich 189; 330 NW2d 834 (1982), by the majority.

Here, where the sentence imposed by the court was over three times as long as the sentence recommended by the prosecutor, the statement by the trial court prior to imposing sentence that "I am considering departing from that recommendation and imposing a more severe sentence" does not sufficiently comply with the requirements of *People v Killebrew, supra.* Defendant here would have been no worse off by withdrawing his plea and taking his chances at trial. Nevertheless, I cannot agree that, in a case where the trial court informs a defendant, whose sentence recommendation is twelve to twenty years, that it intends to impose a more severe sentence and offers defendant an opportunity to withdraw his plea but defendant does not, the trial court violates the rule in *Killebrew* if it then exceeds the recommendation by imposing a sentence of say from fifteen to twenty-two years.

Under this hypothetical, defendant has been sufficiently informed of the consequences of his plea and of the sentence he would receive to conform with the requirements of *Killebrew* when defendant is informed that his sentence will be more severe than the recommendation and defendant is then given an opportunity to withdraw his plea. It is the size of the departure that underscores this sentence. Perhaps a better rule would permit a "reasonable" departure. If we can decide what is shocking to our conscience we ought to be able to quantify a "reasonable" departure.