PEOPLE v PARKS

Docket No. 119348. Submitted February 15, 1990, at Grand Rapids.
Decided May 7, 1990. Leave to appeal applied for.

Forrest E. Parks pled nolo contendere to a charge of second-
degree criminal sexual conduct, Clare Circuit Court, Kurt N.
Hansen, J. The plea was the result of an agreement whereby
the prosecution, in exchange for the plea, was to move for the
dismissal of four counts of first-degree criminal sexual conduct
and make a recommendation that any sentence of imprison-
ment not have a minimum greater than 2½ years. At the plea
hearing, the court informed defendant that it had yet to agree
to the sentence recommendation and was conditionally accept-
ing the plea. At sentencing, the court offered, but defendant
declined, an opportunity for allocution, the court announced it
would not abide by the prosecution's recommendation and
instead would impose a sentence of four to fifteen years, and
asked defendant whether he wished to withdraw his plea.
Defendant answered that he did not wish to do so. The court
then imposed the sentence it had announced. Defendant ap-
pealed, claiming that the court should have disclosed its intent
not to follow the prosecution's sentence recommendation before
it allowed for allocution.

The Court of Appeals *held:*

Where, as here, there is a plea agreement involving a sen-
tence recommendation, considerations of fairness and the de-
sire of ensuring a knowing and intelligent waiver of the right
to trial require that the defendant's opportunity to either
affirm or withdraw his plea come after the defendant has been
provided his right of allocution and after the court has imposed
a sentence. The court need not inform the defendant, prior to

REFERENCES

Am Jur 2d, Criminal Law §§ 504, 531.

Comment Note: Right to withdraw guilty plea in state criminal
proceeding where court refuses to grant concession contemplated
by plea bargain. 66 ALR3d 902.

Necessary and sufficiency of question to defendant as to whether he
has anything to say why sentence should not be pronounced
against him. 96 ALR2d 1292.

allocution, of its intention to depart from the sentence recommendation.

Affirmed.

CRIMINAL LAW — PLEA BARGAINS — GUILTY PLEAS — NOLO CONTEN-
DERE PLEAS — SENTENCE RECOMMENDATIONS.

A trial court may accept a plea of guilty or nolo contendere offered as part of an agreement under which the prosecution recommends a specific sentence as the proper disposition of the case, yet refuse to be bound by the recommendation; where the court chooses not to abide by the recommendation, it must allow for allocution by the defendant, impose the sentence which it considers to be appropriate, then give the defendant an opportunity to affirm or withdraw his plea; the court need not inform the defendant, prior to allocution, of its intention to depart from the sentence recommendation.

*Frank J. Kelley,* Attorney General, *Thomas P. McLaughlin, Jr.,* Prosecuting Attorney, and *Charles D. Hackney,* Assistant Attorney General, for the people.

State Appellate Defender (by *Richard B. Ginsberg*), for defendant on appeal.

Before: MAHER, P.J., and GRIBBS and MURPHY, JJ.

MAHER, P.J. Defendant appeals as of right the prison term of four to fifteen years imposed for his conviction of second-degree criminal sexual conduct, MCL 750.520c(1)(a); MSA 28.788(3)(1)(a), based on a plea of nolo contendere. The plea was tendered pursuant to a plea agreement whereby four counts of first-degree criminal sexual conduct were dismissed. The plea agreement also included a prosecutorial sentence recommendation that defendant not receive a minimum sentence greater than 2½ years.

In this case, we are required to analyze the extent of a defendant's allocution rights, as pro-

vided by MCR 6.101(G)(2),[1] in the context of a sentencing situation involving a nonbinding prosecutorial sentence recommendation. Defendant argues on appeal that, where a sentence recommendation is involved, and the trial court intends to depart from the recommendation, such fact must be disclosed prior to the time the defendant exercises his right of allocution. Defendant argues that the failure to follow this procedure not only violates the requirements of *People v Killebrew,* 416 Mich 189; 330 NW2d 834 (1982), but renders any subsequent allocution meaningless.

A defendant's right of allocution at sentencing must be strictly enforced. *People v Berry,* 409 Mich 774, 781; 298 NW2d 434 (1980). Further, a defendant must be allowed to exercise his right of allocution *before* sentence is imposed. *Berry, supra; People v Brooks,* 122 Mich App 39, 42-43; 329 NW2d 524 (1982). Thus, where a trial court indicates, prior to allocution, that it has already determined the sentence it is going to impose, any subsequent allocution is rendered meaningless and resentencing is required. *People v McNeal,* 150 Mich App 85, 90; 389 NW2d 708 (1985). Even in a case involving a nonbinding prosecutorial sentence recommendation, a defendant's right of allocution cannot be denied. *Berry, supra* at 780.

In addition to his right of allocution, where there is a plea agreement involving a nonbinding sentence recommendation, the Court in *Killebrew, supra* at 209-210, held that a defendant must be given the opportunity to either affirm or withdraw his plea if the sentencing court departs from the sentence recommendation:

Therefore, we now hold that if the plea agree-

---

[1] Effective October 1, 1989, MCR 6.101(G)(2) was replaced with MCR 6.425(D)(2)(c), which contains only stylistic revisions of the former rule.

ment offered to the court by the prosecutor and defendant includes a non-binding prosecutorial recommendation of a specific sentence, the judge may accept the guilty plea (after consideration of the presentence report), yet refuse to be bound by the recommended sentence. The judge retains his freedom to choose a different sentence. However, the trial judge must explain to the defendant that the recommendation was not accepted by the court, and state the sentence that the court finds to be the appropriate disposition. The court must then give the defendant the opportunity to affirm or withdraw his guilty plea.

Through this procedure, the defendant will be fully aware of all the consequences of his guilty plea. He will thus be able to make a knowing and intelligent waiver of his right to trial and its companion rights. Additionally, the judge will have full exercise of his sentencing discretion.

In the case at hand, the trial court concluded the plea-taking proceedings by informing defendant that it had not agreed on any possible sentence and was conditionally accepting his plea pursuant to *Killebrew, supra.* At sentencing, the trial court considered the presentence report and then asked defendant whether he had anything to say prior to the court's passing sentence. The defendant indicated he did not. The court then announced it did not feel the prosecutor's recommendation of a minimum term of 2½ years was appropriate and indicated it was going to impose a four to fifteen year sentence. In light of the fact it was departing from the sentence recommendation, the court then asked defendant whether he wished to withdraw his plea. The defendant expressly indicated he did not wish to do so.

Defendant contends on appeal that, although he was given the opportunity to withdraw his plea in light of the trial court's departure from the sen-

tencing recommendation, *Killebrew* was nevertheless violated because the court failed to disclose its intention to depart from the recommendation prior to allocution.

Support for defendant's argument is found in *People v McGuire,* 165 Mich App 198; 418 NW2d 427 (1987). In that case, the trial court departed from a sentence recommendation but did not tell the defendant what sentence he would receive before providing him with the opportunity to withdraw his plea. Instead, the court merely informed defendant of its intentions to impose a more severe sentence than that recommended. On appeal, this Court determined that such a procedure violated the requirements of *Killebrew, supra,* and stated the following with respect to the procedure the trial court should have followed:

> In our case, the court should have indicated the sentence it was anticipating. Thereafter, defendant would have had an opportunity to withdraw his plea and still preserve his right to allocute before the court actually imposed sentence.
>
> We note that our case is close to *McNeal, supra,* because, as the people argue, telling defendant what possible sentence he may receive appears to be a violation of his right to allocute. However, we believe that *Killebrew* requires the court to indicate the anticipated sentence. Once the sentence is known, defendant would still have his right of allocution, and the court could change its proposed sentence after hearing defendant's remarks. [165 Mich App 203.]

We interpret this holding as requiring that a defendant's decision to either affirm or withdraw his plea is to come prior to allocution and is to be based upon an *anticipated* sentence departure. The opinion states that a defendant, having been informed of the court's "anticipated" sentence, could

then exercise his right of allocution and the court could thereafter change its proposed sentence after hearing defendant's remarks. However, if the court was not persuaded by the remarks, defendant would apparently be bound by the court's sentence, having previously elected to affirm his plea. While we agree *Killebrew* requires the court to inform the defendant of the actual sentence to be imposed, we do not agree with *McGuire's* interpretation of *Killebrew* as requiring that a defendant's decision to either affirm or withdraw his plea come prior to allocution and be based upon an anticipated sentence.

The express language of *Killebrew, supra* at 209-210, tells us that, before providing the defendant with an opportunity to either affirm or withdraw his plea, a sentencing court must "state the sentence that the court finds to be the appropriate disposition." We do not interpret this as referring to an "anticipated" sentence. Further, in a footnote, *Killebrew, supra* at 210, n 10, tells us that "[t]he defendant must be given the opportunity to withdraw his plea immediately after the trial judge announces his *decision* to reject the plea bargain." (Emphasis added.) We fail to see how a court may properly arrive at a sentencing "decision" until the sentencing process has run its full course and defendant has been provided his right of allocution. As noted in *Berry* and *McNeal, supra,* a sentence may neither be imposed nor determined until after defendant has been provided his right of allocution. Thus, it is not until after a defendant has exercised his right of allocution that a court can properly arrive at a sentencing "decision."

We would also note that the policy reasons behind permitting a defendant to withdraw his plea, where a sentence recommendation has been

exceeded, include both principles of fairness and the desire to ensure a knowing and intelligent waiver of the right to trial. *Killebrew, supra* at 210. We believe the procedure set forth in *McGuire, supra,* ignores these policies. Where a sentence recommendation is involved, a defendant cannot make a knowing and intelligent waiver until such time as he is informed of the sentence to be imposed. Requiring that a plea affirmance or withdrawal be based upon an "anticipated" sentence requires the defendant to in turn "anticipate" how the sentencing judge might respond to remarks made during allocution. Such a procedure militates against a knowing and intelligent decision and is contrary, we believe, to principles of fairness.

Therefore, where there is a plea agreement involving a sentence recommendation, we believe that both the express language and underlying policy of *Killebrew, supra,* require that the defendant's opportunity to either affirm or withdraw his plea come after the defendant has been provided his right of allocution and after the court has informed him of the actual sentence it is going to impose.

This still leaves us with the question whether the sentencing court should nevertheless be required to inform the defendant, prior to allocution, of an intention to depart from the sentence recommendation. While *McGuire, supra,* would seem to indicate that such a rule should be required, we must again disagree.

Contrary to *McGuire, supra,* we believe the imposition of such a requirement would be inconsistent with the rule prohibiting the imposition of a sentence prior to allocution. The policy behind this rule is that a sentencing court should avoid forming sentencing decisions until after the defendant

has been allowed the opportunity to make whatever statements he wishes to make in mitigation, extenuation, or justification of the crime for which a sentence is being imposed. This policy is defeated, however, by the imposition of a rule requiring the court to decide upon and inform a defendant of its "anticipated" sentence prior to allocution.[2]

We would also note that, while a court in a normal sentencing situation is furnished with sentencing guidelines to assist it in the exercise of its sentencing discretion, there is no requirement that the court inform the defendant, prior to allocution, of any initial tendencies it may have to exceed the guidelines. Therefore, we see no reason to impose such a requirement in a situation where a prosecutorial sentence recommendation is involved. As long as the defendant is provided with the opportunity to withdraw his plea in the event the court departs from the recommendation, he is sufficiently protected.

In conclusion, we find no impropriety with the sentencing procedure utilized in this case. Defendant was afforded his right of allocution and the court thereafter announced the sentence it felt was appropriate under the circumstances. Because the sentence exceeded the recommendation, the court then provided defendant with an opportunity to withdraw his plea, which he elected not to do. We find that the procedure complied with the requirements of *Killebrew, supra,* and we reject

---

[2] If in fact allocution is to have any effect on a court's sentencing decision, how can the court truly know whether it intends to depart from a sentence recommendation until after it has heard those statements the defendant may wish to make? Further, suppose a judge who otherwise intends to abide by the recommended sentence thereafter changes his mind on the basis of statements made or the disposition expressed by defendant during allocution. Would this then affect a court's ability to exceed a sentence recommendation because the court failed to disclose such fact prior to allocution?

defendant's argument that sentencing was improper because the court did not inform him, prior to allocution, that it intended to depart from the sentence recommendation. Accordingly, defendant's sentence is affirmed.

Affirmed.