PEOPLE v SHULER

Docket No. 125374. Submitted March 20, 1991, at Lansing. Decided April 16, 1991, at 9:15 A.M. Leave to appeal sought.

Joseph K. Shuler pleaded guilty in the Clinton Circuit Court, Randy L. Tahvonen, J., of possession with intent to deliver more than 50 grams, but less than 225 grams, of cocaine pursuant to a plea agreement under which the prosecution was to make a general recommendation at sentencing that the minimum term of imprisonment not exceed five years. The prosecution, however, made a specific sentence recommendation of five to twenty years. The court chose not to follow the recommendation, informed the defendant that it would impose a lengthier sentence, and provided the defendant an opportunity to withdraw or reaffirm his plea. The defendant reaffirmed his plea and was sentenced to 7½ to 20 years' imprisonment. The defendant appealed.

The Court of Appeals *held:*

1. The prosecutor violated the terms of the plea bargain by making a specific, instead of a general, recommendation with respect to the minimum term. However, the defendant is not entitled to resentencing, having waived any objection to the prosecutor's noncompliance with the agreement by reaffirming his plea.

2. The trial court, after indicating that it would not follow the prosecutor's recommendation, properly did not grant the defendant an opportunity for further allocution. A court need not inform a defendant, before allocution, of its intent to depart from a sentencing recommendation.

3. The trial court did not abuse its discretion in imposing a minimum term of 7½ years. The entire sentence was within the range mandated by statute and was proportionate to the seriousness of the offense and the offender.

Affirmed.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Charles D. Sherman,* Prosecuting Attorney, and *Joel S. Gehrke,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Sheila N. Robertson*), and Joseph K. Shuler, in propria persona, for the defendant on appeal.

Before: HOOD, P.J., and JANSEN and G. S. ALLEN,* JJ.

PER CURIAM. On November 27, 1989, defendant pleaded guilty of possession with intent to deliver more than 50 grams but less than 225 grams of cocaine, MCL 333.7401(2)(a)(iii); MSA 14.15(7401)(2) (a)(iii). In exchange for defendant's plea, the prosecution agreed to recommend a minimum sentence of not more than five years and to dismiss the original charge of conspiracy to possess with an intent to deliver between 225 grams and 650 grams of cocaine. On January 8, 1990, defendant was sentenced to 7½ years to 20 years in prison. Defendant appeals as of right, alleging that the prosecution failed to comply with the plea agreement, that the trial court erred in failing to allow defendant to allocute after informing him that the court was going to exceed the recommended sentence, and that the trial court erred in exceeding the presumptive mandatory sentence. We affirm.

First, defendant alleges that he is entitled to specific performance of the prosecution's promise to recommend a sentence of not more than five years. We hold that defendant is not entitled to specific performance. While we agree that the prosecution failed to comply with the plea agreement, we do not feel that this entitles defendant to resentencing. Where a prosecutor agrees to make a general recommendation pursuant to a plea agreement, the prosecutor breaches the plea agreement by making a recommendation for a specific

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

number of years. *People v Nixten,* 183 Mich App 95; 454 NW2d 160 (1990). In the present case, the prosecution agreed to recommend that defendant receive not more than a minimum of five years in prison. However, at sentencing, the prosecutor specifically requested that the court impose a sentence of five years to twenty years. On the basis of *Nixten,* this was a violation of defendant's plea agreement.

Furthermore, the prosecutor violated the spirit of the plea agreement by adopting the presentence information report. In the report, the probation officer recommended a sentence of ten years to twenty years in prison on the basis of defendant's participation in the present offense. At sentencing, the prosecution stated:

> Your Honor, at the time this plea was entered on the record, I made a recommendation to the Court that defendant not receive more than the mandatory five years in prison, and I stand by that recommendation at this point, but I don't fault [the probation officer] in preparing his report; because frankly, if I was looking at all the information in this report, in the position that [the probation officer] is in, I probably would make the same recommendation, but at the time we entered this plea, the question was what were the chances of Mr. Shuler being convicted, what were the chances of him being acquitted. Obviously, Mr. Shuler made some admissions in here about dealing in cocaine and using heroin; and, of course, none of those admissions were available and could have been used in trial; and the question was could we convict Mr. Shuler or couldn't we? I made a decision at that time that I would be willing to forego the gamble by making the recommendation to a five-year mandatory minimum. Mr. Shuler made the decision, also, to forego the gamble of being convicted of the greater charge versus the possibility of being acquitted, and agreed to

enter a plea to that charge. So, I recognize that it's limited the Court's discretion; and obviously, if this Court feels that what I did was inappropriate, the Court not only has the option but has the obligation to tell us so at this time, but the reason I did it is because I felt, based on the evidence that I had, my witnesses were admitted accomplices to a drug-dealing operation, that I thought it was better to have somebody like Mr. Shuler off the street for five years than to take the chance at more versus the time of—versus the chance of acquittal.

\* \* \*

I think the report's essentially accurate, and I would ask the Court to impose a sentence of five to twenty years that I had recommended as part of this plea agreement.

While explicitly stating that he was following the plea agreement, the prosecutor, in effect, adopted the probation officer's recommendation. Particularly troublesome are the prosecutor's statements that it did not fault the probation officer's recommendation and that it probably would make the same recommendation if it were in the probation officer's position. These statements undermine the prosecutor's express recommendation. On the facts of this case, we hold that the prosecutor failed to comply with the plea agreement.

However, we find that the breach in the present case does not warrant resentencing. After the prosecution recommended a sentence of five to twenty years, the trial court indicated that it would exceed the prosecution's recommendation and sentence defendant to 7½ years to 20 years in prison. Pursuant to *People v Killebrew,* 416 Mich 189; 330 NW2d 834 (1982), the trial court allowed defendant to withdraw or affirm his guilty plea. Defendant reaffirmed his guilty plea. By doing so,

defendant waived objection to the prosecution's noncompliance with the plea agreement. To hold otherwise would allow defendant to harbor error as an appellate parachute. *People v Simon,* 174 Mich App 649, 657; 436 NW2d 695 (1989). Therefore, we hold that defendant is not entitled to resentencing.

Defendant also claims that the trial court erred in failing to allow him an opportunity to allocute after informing defendant that it would not be bound by the sentencing recommendation. We disagree. The court need not inform a defendant, before allocution, of its intention to depart from the sentencing recommendation. *People v Parks,* 183 Mich App 647, 654-655; 455 NW2d 368 (1990). To hold otherwise would contravene the policy that a trial court should avoid forming sentencing decisions until after the defendant has been allowed the opportunity to allocute. *Id.* at 653-654. In so holding, we follow the reasoning of *Parks.* To the extent that this holding is contrary to the decision in *People v McGuire,* 165 Mich App 198; 418 NW2d 427 (1987), we reject that panel's conclusions with regard to this issue.

Finally, defendant claims that the trial court abused its discretion in imposing a sentence greater than the presumptively mandatory minimum. We disagree. MCL 333.7401(2)(a)(iii); MSA 14.15(7401)(2)(a)(iii) set forth the presumptively mandatory minimum for sentence for possession with intent to deliver more than 50 grams but less than 225 grams of cocaine. This section stated that a person would be imprisoned for *not less than* five years nor more than twenty years. In setting the mandatory minimum sentence, the statute did not preclude the imposition of a sentence whose minimum term was greater than five years. In sentencing defendant, the trial court noted that defen-

dant's involvement in the present crime was significant and substantial. Defendant's actions produced and encouraged the involvement of others. The trial court also justified its sentence on the grounds of rehabilitation, protection of society, retribution, and deterrence. We find that the trial court's reasons for imposing the present sentence were sufficient to justify defendant's sentence. We hold that defendant's sentence is proportionate to the seriousness of the circumstances of the offense and the offender. *People v Milbourn,* 435 Mich 630, 636; 461 NW2d 1 (1990).

After reviewing the issues raised in defendant's supplemental brief on appeal, we find them to be without merit.

Affirmed.