# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DEVIN LERON HINES,

        Defendant-Appellant.

UNPUBLISHED
November 27, 2018

No. 337435
Wayne Circuit Court
LC No. 16-007262-01-FC

Before: O'BRIEN, P.J., and TUKEL and LETICA, JJ.

PER CURIAM.

Devin Leron Hines was convicted by a jury of assault with intent to do great bodily harm less than murder (AWIGBH), MCL 750.84, intentional discharge of a firearm in a facility that he knows or has reason to believe is a dwelling causing serious impairment of a body function (intentional discharge causing serious impairment), MCL 750.234b(4), carrying a concealed weapon (CCW), MCL 750.227, carrying a weapon with unlawful intent, MCL 750.226, being a felon in possession of a firearm (felon-in-possession), MCL 750.224f, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Hines was sentenced as a third-offense habitual offender, MCL 769.11, to concurrent sentences of 8 to 20 years' imprisonment for the AWIGBH conviction, 12 to 40 years' imprisonment for the intentional discharge causing serious impairment conviction, 5 to 10 years' imprisonment for the CCW conviction, 5 to 10 years' imprisonment for the carrying a weapon with unlawful intent conviction, and 5 to 10 years' imprisonment for the felon-in-possession conviction, to run consecutively to his two-year sentence for the felony-firearm conviction. He appeals as of right. We affirm.

On November 28, 2014, at approximately 11:30 p.m., the victim was watching television in the front room of the upstairs unit of a two-family flat where he resided. After hearing a knock at the door, the victim asked, "Who is it[?]" to which the person at the door replied, "Munch"—the nickname the victim associated with Hines. The victim opened the door for Hines and turned to return to the front room. The victim then heard a "click or a rack" noise, turned to face Hines, and saw that Hines had a gun. The two men struggled over the gun, during which time Hines fired several shots. The victim was struck in the neck and shoulder, causing him to fall to the ground. Hines then shot the victim a final time in the buttocks. After Hines left, the victim called 911 and informed the operator that "Munch" had shot him. The victim later identified Hines in a photo array.

On appeal, Hines argues that he was deprived of his right to the effective assistance of counsel because defense counsel failed to call any witnesses on his behalf. The prosecution argues that Hines specifically assented to defense counsel's decision not to call witnesses, thereby waiving his claim of error. We agree with the prosecution that Hines waived his ineffective assistance of counsel claim.

Waiver is "the intentional relinquishment or abandonment of a known right." *People v Kowalski*, 489 Mich 488, 503; 803 NW2d 200 (2011) (quotation marks and citation omitted). "One who waives his rights under a rule may not then seek appellate review of a claimed deprivation of those rights, for his waiver has extinguished any error." *Id*. (quotation marks and citation omitted). "To hold otherwise would allow defendant to harbor error as an appellate parachute." *People v Shuler*, 188 Mich App 548, 552; 470 NW2d 492 (1991).

Hines argues that he was deprived of his right to the effective assistance of counsel because defense counsel failed to call witnesses—specifically, Hines's girlfriend and grandmother—on his behalf. However, after the prosecution rested, Hines affirmed on the record that he did "not wish to call any witnesses whatsoever[.]" The trial court pointed out that defense counsel filed an alibi witness notice; however, defense counsel confirmed that Hines wished to "waive calling those witnesses[.]" Because the record indicates that Hines acquiesced in the decision not to present defense witnesses, any potential error was extinguished, and he may not now predicate a claim of error on that decision. See *Kowalski*, 489 Mich at 503; *Shuler*, 188 Mich App at 552. See also *People v Kevorkian*, 248 Mich App 373, 413-415; 639 NW2d 291 (2001) (rejecting claim of ineffective assistance premised on defense strategy acceded to by the defendant).

Hines also argues there was insufficient evidence to convict him of CCW because the victim's testimony failed to demonstrate that Hines ever concealed a gun. We disagree.

"A challenge to the sufficiency of the evidence in a jury trial is reviewed de novo, viewing the evidence in the light most favorable to the prosecution, to determine whether the trier of fact could have found that the essential elements of the crime were proved beyond a reasonable doubt." *People v Gaines*, 306 Mich App 289, 296; 856 NW2d 222 (2014). The standard of review is deferential: "It is for the trier of fact, rather than this Court, to determine what inferences can be fairly drawn from the evidence and to determine the weight to be afforded to the inferences." *People v Kosik*, 303 Mich App 146, 150-151; 841 NW2d 906 (2013). "The prosecution need not negate every reasonable theory of innocence, but must only prove its own theory beyond a reasonable doubt 'in the face of whatever contradictory evidence the defendant may provide.' " *Id*. at 151, quoting *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). "Circumstantial evidence and the reasonable inferences that arise from that evidence can constitute satisfactory proof of the elements of the crime." *Kosik*, 303 Mich App at 151.

Michigan's concealed weapons statute, MCL 750.227, provides, in relevant part:

> (2) A person shall not carry a pistol concealed on or about his or her person . . . except in his or her dwelling house, place of business, or on other land possessed by the person, without a license to carry the pistol as provided by law . . . .

Contrary to Hines's assertion that no binding decisions regarding the definition of "concealed" exist, this Court has stated:

> Concealment, under MCL 750.227(2), occurs when the pistol is not discernible by the ordinary observation of persons casually observing the person carrying it. Absolute invisibility of a weapon is not indispensable to concealment; the weapon need not be totally concealed. Evidence that a defendant placed a revolver in his belt or waistband so that the weapon could not be readily seen has been found sufficient to uphold a CCW conviction. [*People v Hernandez-Garcia*, 266 Mich App 416, 421-422; 701 NW2d 191 (2005), aff'd in part, vacated in part on other grounds 477 Mich 1039 (2007) (quotation marks and citations omitted).]

Applying the standard articulated in *Hernandez-Garcia* here, sufficient evidence was presented to support the jury's finding that Hines concealed a gun. Hines argues that the victim's testimony established that the victim did not look at Hines upon opening the door, but instead immediately turned back towards his television. However, at trial, the prosecution questioned the victim about his interactions with Hines directly before the shooting in order to clarify the rapid events:

> *Q.* . . . You opened your front door; right?
>
> *A.* Yes.
>
> *Q.* And the defendant was standing there; correct?
>
> *A.* Yes.
>
> *Q.* Okay. When you opened the front door, did you see the defendant with any sort of weapon?
>
> *A.* No, not at the time. But as he came in, as I turned going back towards the room, like I said, I heard a click or a rack. I turned around, and that's when I noticed he had a gun . . . .

During cross-examination, the victim also testified that he opened the door and looked at Hines's face before turning around to go back toward the television. Because the victim testified that he did not see Hines with a gun when he opened the door, the jury could infer that Hines's gun was "not discernible by the ordinary observation of persons casually observing the person carrying it." *Hernandez-Garcia*, 266 Mich App at 421 (quotation marks and citation omitted). Therefore,

a reasonable jury could have found beyond a reasonable doubt that Hines concealed his gun from the victim.  See *Gaines*, 306 Mich App at 296.

Affirmed.


/s/ Colleen A. O'Brien
/s/ Jonathan Tukel
/s/ Anica Letica